## Noblett v. Dillinger.

DISTRIBUTION—WIDOW—PRACTICE.—Suit for the conversion of a promissory note. The second paragraph of the complaint avers that the note was the property of the husband of plaintiff, who died leaving property worth less than $300; that the plaintiff had filed her petition in the Court of Common Pleas alleging that fact; that appraisers had been appointed, etc., who had returned an inventory and appraisement of such property, including the note, amounting to $289; and that the proceedings upon her petition were yet pending; that the note was obtained by the defendant wrongfully, etc.

*Held*, that the order of the Court of Common Pleas, ordering the delivery of the property to her, was necessary to give her title thereto.

*Held*, also, that the suit was brought prematurely, and a demurrer to the paragraph should have been sustained.

APPEAL from the *Orange* Common Pleas.

FRAZER, J.—Suit for the conversion of a promissory note. The complaint contained two paragraphs, to each

of which a demurrer was filed and overruled. A motion by the defendant for a continuance, supported by an affidavit, was also overruled. The defendant, having been beaten below, appeals. The rulings upon the demurrers, and on the motion for a continuance, are questioned here. The appellee furnishes no argument.

1. The first paragraph of the complaint contains all the usual necessary averments of a count in trover, and we are of opinion that the demurrer to it was properly overruled.

2. The second paragraph avers that the note was the property of the husband of the plaintiff, who died, etc., leaving property less than $300; that the plaintiff had filed her petition in the Court of Common Pleas alleging that fact; that appraisers had been appointed, etc., who had returned an inventory and appraisement of such property, including said note, amounting to $289, and that the proceedings on her petition were yet pending; that the note was obtained by the defendant wrongfully, and by him collected, and the proceeds converted to his own use, etc. This paragraph is bad. The plaintiff could not anticipate the order of the court, and sustain a suit based upon her title to the property, until she had obtained such title. Her proceedings were still undetermined, and might be decided against her. The order of the Court of Common Pleas, ordering the delivery of the property to her, was necessary to give her title thereto. 2 G. & H. 523, sec. 136. She brought her suit prematurely, and the demurrer to the paragraph should have been sustained.

3. The affidavit showed the absence of material evidence, and every other fact necessary to give the defendant a continuance under the statute, and it was therefore error to refuse the continuance.

Judgment reversed, with costs; cause remanded, with directions to set aside all proceedings subsequent to the filing of the demurrer to second paragraph of the complaint, to sustain that demurrer.

*James Collins, Thomas L. Collins,* and *A. B. Collins,* for appellant.

*A. J. Simpson,* for appellee.