## RECKER v. KILGORE.

CHATTEL MORTGAGE.—*Personal. Property of Deceased Husband's Estate.— Rights of Widow.—Replevin.*—Personal property belonging to the estate of a deceased husband, encumbered by a chattel mortgage executed by the decedent to secure the payment of a debt, may, on default of payment thereof, be replevied by the mortgagee from the widow, though, because it constituted all of the decedent's estate and was of the value of less than five hundred dollars, it had been duly appraised and set off to her by the order of the proper court.

SAME.—*Redemption.*—The widow might, in such case, redeem the property by paying the debt, or, probably, obtain an order for the sale of the property and the payment to her of the proceeds of such sale in excess of such debt.

From the Grant Circuit Court.

*R. W. Bailey* and *A. Diltz*, for appellant.

*A. Steele* and *R. T. St. John,* for appellee.

PERKINS, J.—Replevin by the appellee against the appellant.

Answer in two paragraphs, as follows:

"1. For answer defendant avers that the only claim the plaintiff has to the property mentioned in the complaint is based upon a pretended chattel mortgage, claimed to have been executed thereon by one John Recker, to secure the payment of certain notes therein mentioned, payable to said plaintiff, and upon which notes there is only about seventy dollars remaining unpaid; that said John Recker died in December, 1874; that this defendant is the widow of said John Recker; that at the February term, 1875, of the Grant Circuit Court, upon application and due appraisement made, there was an order made by said court setting apart to this defendant, as such widow, all the personal property belonging to the said John Recker at the time of his decease, the same being of less value than $500.00, which occurred long before the commencement of this action, and that the property so set apart to this defendant included the property mentioned in said complaint, now sought to be recovered by the plaintiff in this action.

"2. Defendant, for further answer to said complaint, says, that she is the widow of one John Recker, who deceased in December, 1874; that said Recker, at his death, left certain personal property of less value than $300; that at the February term, 1875, of the Grant Circuit Court, there was an order made by said court, setting apart to the defendant, as such widow, all the personal property of said deceased, among which is the property mentioned in said complaint and sought to be recovered in this action; that the pretended claim of the plaintiff to recover possession of said property is based upon a pretended chattel mortgage,

claimed to have been executed thereon by said John Recker, in his lifetime, to the plaintiff; that the defendant is a resident householder and claims the benefit of the exemption law, as against this proceeding, and herewith files her schedule, which schedule includes the property in said complaint, and she claims said property as exempt from seizure and execution. Wherefore she demands judgment for costs and all other relief."

Copy of the order of court referred to in the answer:

"*Estate of John Recker, dec.* No. 86. Pet. to set property off to widow.

"It appearing to the court that Cloe Recker, late wife of said decedent, by her next friend, Solomon Downey, had filed her affidavit that all the property, real and personal, of said decedent, exclusive of incumbrances thereon, is not worth over five hundred dollars, and asking that the same be appraised; and it appearing that John Spears and John Louderbarger had been duly selected and appointed to appraise the same, and that they did so appraise the same at the sum of $245.50, which amount is less than $500, it is therefore ordered by the court that the same be and is hereby set off to said widow as the same is specified in said inventory and appraisement."

A separate demurrer to each paragraph of answer, for want of facts, was sustained; and, the defendant failing to plead further, judgment was given for the plaintiff.

Exceptions to the rulings of the court were duly entered.

The sustaining of the demurrers to the paragraphs of the answer is assigned severally for error.

At the time the deceased, Recker, executed the chattel mortgage mentioned in the answer, he had the power and the right to thus incumber the property mentioned in it. It is not claimed that the mortgage was not executed upon a valid consideration. His death did not free the property from the lien. The property was properly given to his

widow, but she took it subject to the incumbrance. The paragraphs of answer show nothing in bar of the right of Kilgore, the mortgagee, to replevy the property. The widow may redeem the property by paying the incumbrance; or, probably, might procure it to be sold to pay the mortgage, she receiving the proceeds of the sale over and above paying the mortgage debt. The widow was not bound under the circumstances of this case to pay the deceased husband's debts, but she was bound to remove legal and valid liens he had placed upon his property or suffer said property to be taken for the payment thereof.

The judgment is affirmed, with costs.