## MEAD *v.* McFADDEN ET AL.

SHERIFF'S SALE.—*Injunction.*— *Widow.*—Where executions have been issued upon judgments and levied by the sheriff upon real estate of the judgment defendant in his lifetime, and such real estate advertised for sale, the widow of such judgment defendant can not, under section 488 of the practice act, 2 R. S. 1876, p. 222, maintain a suit to enjoin such sale, as her interest in the real estate is expressly exempted by the statute from such sale, and she can not be injured thereby.

SAME.—*Omission of Word from Statute.*—In section 488, *supra*, as it is printed in 2 R. S. 1876, p. 222, the word " except," following " proceed-

ings thereon '' and preceding " that the amount," etc., is omitted where it should appear.

SAME.—*Decedents' Estates.*—*Statute Construed.*—Under section 43 of the decedents' estates act, as amended by the act of Feb. 8th, 1871, 2 R. S. 1876, p. 507, which provides that the widow shall be entitled to five hundred dollars in value of the estate of her deceased husband, and that where the personal estate of the decedent is insufficient to make said sum, it shall constitute a lien on the real estate, and " shall be paid in the same order in which judgments and mortgages are now paid," judgments taken against the decedent in his lifetime, upon which executions have been issued and levied on the real estate, are entitled to priority over the lien of the five hundred dollars so allowed to the widow, as such lien does not attach until the husband's death, and the judgment creditors are entitled to payment in full of their judgments out of the proceeds of the sale of two-thirds of such real estate, before the widow is entitled to any part thereof.

From the Johnson Circuit Court.

*S. P. Oyler*, for appellant.

*T. W. Woollen, R. M. Johnson* and *J. L. White*, for appellees.

Howk, C. J.—In this case the appellant sued the appellees to obtain a perpetual injunction. The appellees' joint demurrer to the appellant's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and to this decision she excepted. She declined to amend her complaint, and judgment was rendered against her for the costs of suit, from which judgment this appeal is prosecuted.

In this court the appellant has assigned as error the sustaining of the appellees' demurrer to her complaint, and this error presents for our decision the single question, whether or not the facts stated in the complaint are sufficient to constitute a cause of action in appellant's favor.

In her complaint the appellant alleged, in substance, that she was the widow of Leander J. Mead, who died intestate in Johnson county, Indiana, on the 1st day of October, 1876, leaving appellant his widow, and three named

children as his only heirs at law; that at his death the said Leander was seized in fee-simple of two lots, described by their numbers, in the village of Williamsburg, in said county, and was possessed of a small amount of personal property; that the entire interest of said Leander in said property, real and personal, was of less value than five hundred dollars; that upon the appellant's petition, filed in November, 1876, in the clerk's office of said court, the clerk had appointed an appraiser, and she had selected and designated her appraiser, as provided by law, to make an inventory and appraisement of all the property, real and personal, of which the said Leander J. Mead was so seized and possessed at the time of his death; that the said appraisers had made and returned said inventory and appraisement, and the same was filed with and made part of said complaint; that, in the lifetime of said Leander J. Mead, the appellees, except James H. Pudney, had obtained four several judgments against said Leander, and that executions had been issued thereon by the clerk of said court to the appellee Pudney, who was the sheriff of said county, and had levied the said executions, in the lifetime of said Leander, upon the said lots, and had since advertised the same for sale on the 11th day of October, 1876; that the appellant, as the widow of said Leander J. Mead, was entitled to the whole of his said property, real and personal, which was of a value less than five hundred dollars, free from the claims and demands of any and all his creditors; and that the appellees were threatening to and would, unless restrained by said court, sell said real estate at sheriff's sale, to the appellant's irreparable damage. Wherefore, etc.

It seems to us that the court committed 1 error in sustaining the appellees' demurrer to the appellant's complaint. In section 488 of the practice act it is provided that "The death of the defendant, after the execution is placed in the hands of the sheriff to be executed, shall not

affect his proceedings thereon, except that the amount of property, allowed absolutely to the widow of the decedent, shall be exempt from levy and sale under such execution." 2 R. S. 1852, p. 147 ; 2 G. & H., p. 254. There is an apparent mistake in this section, as it is printed in 2 R. S. 1876, p. 222, in this, that the word "except," where it occurs in said section, has been omitted therefrom.

Under this section it would seem that the appellant, under the facts stated in her complaint, had no cause of action against the appellees, and no legal right to the relief she demanded. Whatever interest the law absolutely allowed the appellant as the widow of said Leander J. Mead in the real estate described in the complaint, was exempt from levy and sale under the executions in the sheriff's hands, before and at the time of said Leander's death. It is certain, therefore, that the threatened sale of said lots by the sheriff, under said executions, even if fully consummated, would not and could not have injured the appellant, as her interest in the lots was by law exempt from such sale, and she would not be bound thereby. Under section 17 of the statute of descents, one-third of the lots in question descended to the appellant as the widow of her deceased husband, at the time of his death, "free from all demands of creditors." 1 R. S. 1876, p. 411. She would take and hold this one-third interest in the lots free from the claims of the judgment creditors of her deceased husband, and, therefore, her interest therein would not be affected by the sale of the lots by the sheriff, under the executions in his hands, in favor of said judgment creditors.

But it is claimed by the appellant that she is entitled, as the widow of said Leander J. Mead, to the whole of the lots in question, free from the liens and demands of the judgment creditors of her deceased husband, because, as it is alleged, the lots are of less value than five hundred

dollars, and because, under section 43 of the act providing for the settlement of decedents' estates, as amended by an act approved February 8th, 1871, the appellant, as widow, is entitled to five hundred dollars in value of the property or estate of her deceased husband, to the exclusion even of his judgment creditors. 2 R. S. 1876, p. 507. This section 43, however, provides that where, as in this case, the personal estate of the decedent " shall be insufficient to make said sum of five hundred dollars, the deficit, whatever it may be, shall constitute a lien on the real estate of such decedent, if any there be, and shall be paid in the same order in which judgments and mortgages are now paid." Judgments and mortgages were then, and since have been, payable in the order of their priority of lien. The lien of the judgments mentioned in the complaint attached to the lots described therein, in the lifetime of said Leander J. Mead, but the appellant's lien for her five hundred dollars, or the deficit thereof, certainly did not attach to said lots, until, by the death of said Leander, she, as his widow, became entitled to said sum. So that the judgment creditors of said decedent would be entitled to payment in full of their judgments, out of the proceeds of the sale of the two-thirds part of said lots, before the appellant would be entitled to any portion of said proceeds, on account of the lien of her claim on the said part of said lots.

The views we have expressed in this opinion, in regard to the appellant's rights as against the judgment creditors of her deceased husband, are in harmony with, and sustained by, the decision of this court in the case of *Recker* v. *Kilgore*, 62 Ind. 10. In that case it was decided that the personal property of a deceased husband, encumbered by a chattel mortgage executed by the decedent in his lifetime, to secure the payment of a debt, on default in such payment, might be replevied by the mortgagee from the dece-

dent's widow, even where such property, by reason of the fact that it constituted all of the decedent's estate, and was of a less value than five hundred dollars, had been duly appraised and set off to such widow, by the order of the proper court.

The judgment is affirmed, at the appellant's costs.