Love *et al. v.* Blair.

---

No. 7539.

## LOVE ET AL. *v.* BLAIR.

PARTNERSHIP.—*What Constitutes.*—Where men associate themselves together, and conduct a general business under a common name, and do not incorporate the association under the laws of this State, they may be deemed partners.

SAME.—*Mortgage.*—*Equity.*—*Estoppel.*—Equity always treats as a mortgage an instrument executed to secure a subsisting debt; and, where an instrument is sued upon as a mortgage, the plaintiff is estopped to assert that it is a contract of sale.

SAME.—*Exemption of Mortgaged Property.*—The statute exempting property from seizure and sale for debt does not apply to property which the debtor voluntarily conveys by way of mortgage to a creditor.

SAME.—A partner can not claim as exempt from sale on execution against him partnership property mortgaged by the partnership to secure a partnership debt.

From the Clay Circuit Court.

*I. M. Compton, G. A. Knight* and *C. H. Knight,* for appellants.

*W. W. Carter* and *S. D. Coffey,* for appellee.

ELLIOTT, J.—Appellants sought and recovered a decree foreclosing a chattel mortgage, executed by the Limited Liability Coal Company.

It appears from the complaint that the company was not a corporation, but an association of persons doing business under that name.  It is not directly averred in the complaint, that the members of the association were partners, but, from the facts stated, this would be the fair inference.  Where men associate themselves together and conduct a general business under a common name, and do not incorporate the association under the laws of the State, they may be deemed partners. *Kenyon* v. *Williams,* 19 Ind. 44 ; *Manning* v. *Gasharie,* 27 Ind. 399.

The appellee filed what is designated a cross complaint, wherein it is alleged that he is a resident householder ; that he was the owner of one-fourth of the property described in the mortgage ; that he is entitled to have three hundred dollars worth of property exempted from execution, and that it will require part of the property described in the mortgage, in addition to that owned and possessed by him, to equal in value the sum of three hundred dollars.  It is also stated in this pleading, not, however, in express terms, that the defendant was a member of the firm by which the mortgage was executed ; the term "firm" is several times used, and always as indicating that the mortgage was executed by persons associated under a common name as partners.  To this pleading a demurrer was overruled, and exception entered.

The appellants, at the time the decree was entered, moved to modify it, by striking out that part of it which declared that the appellee had a right to claim part of the mortgaged

property as exempt from sale.   This motion was overruled,. and an exception properly reserved.

The appellants insist that the appellee had no right to claim any part of the property as exempt from sale, because the instrument which constituted the foundation of the action was a contract of conditional sale, and not a mortgage.   This argument is without force.   The appellants have sued upon the instrument as a mortgage, and they are not in a situation to assert that it was a contract of sale.   "Once a mortgage, always a mortgage."   The instrument shows that it was executed to secure a subsisting debt, and such instruments equity always treats as mortgages.

There is no force in the argument that appellee had parted with the title to the property.   The instrument upon which the action is based could not, it is obvious from what has already been said, have the effect to divest the mortgagor's title.   The case is not within the authorities which deny the right of exemption when claimed after title has been conveyed.

The mortgage executed by the appellee was his voluntary act, and transferred the property to the mortgagee as security for the debt therein described.   The mortgagor had power to sell, to pledge, or to convey by mortgage, and he voluntarily exercised this right.   He is not now in a condition to claim the property as exempt from sale.   The reasoning in *Recker* v. *Kilgore*, 62 Ind. 10, applies with peculiar force to the present case.   In the case cited it was held that a chattel mortgage made by a husband in his lifetime was a valid lien against the widow's claim to $300 out of the estate of her deceased husband.   The later case of *Mead* v. *McFadden*, 68 Ind. 340, expressly approves *Recker* v. *Kilgore*. The statute exempting property from seizure and sale for debt does not apply to cases where the debtor voluntarily conveys, by way of mortgage, his property to the creditor. With quite as much reason might a vendor, or pledgor, who

had sold or pledged property in payment of a debt, demand its return upon the ground that it was exempt. Neither the constitution nor the statute was meant to restrain the debtor from voluntarily incumbering or transferring his property.

There is another consideration which has been overlooked by court and counsel, and which is decisively against the claim of the appellee. Taking the cross complaint and the original complaint together, it very clearly appears that the property covered by the mortgage was partnership property, and mortgaged to secure a partnership debt. The weight of authority is decidedly in favor of the proposition, that one partner can not claim any part of the property of an existing partnership as exempt from sale upon execution against him. *Guptil* v. *McFee*, 9 Kan. 30; *Clegg* v. *Houston*, 1 Philad. 352; *In re Handlin*, 3 Dill. 290; *Russell* v. *Lennon*, 39 Wis. 570; *Pond* v. *Kimball*, 101 Mass. 105; *Gaylord* v. *Imhoff*, 26 Ohio St. 317; *State, ex rel.*, v. *Spencer*, 64 Mo. 355; *Kingsley* v. *Kingsley*, 39 Cal. 665; *Bonsall* v. *Comly*, 44 Pa. St. 442; *Rhodes* v. *Williams*, 12 Nev. 20.

There is, indeed, considerable conflict upon this question, and many courts declare a rule different from that stated. But, however it may be as to the rule just stated, it is very clear that one partner can not claim as exempt partnership property mortgaged by the partnership to secure a partnership debt.

The cross complaint was clearly bad, but it would work the appellants injusitce to reverse for that reason, as the decree was in their favor upon all points except that of the right of exemption. Justice can be best done by directing the court to sustain appellants' motion to modify the decree. The cause is therefore remanded, with instructions to modify the decree in accordance with appellants' motion, and costs are adjudged against appellee.