No. 9870.

QUAKENBUSH v. TAYLOR, ADMINISTRATOR, ET AL.

DECEDENTS' ESTATES.—*Estates Less than $500.*—*Widow Takes Free from Judgment Lien.*—A widow to whom her husband's whole estate, consisting in part of lands, is awarded, under the statute (R. S. 1881, sections 2419–2422), takes the lands free from the lien of judgments rendered against her husband in his lifetime.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short,* for appellant.

*R. R. Taylor, A. G. Cavins* and *E. H. C. Cavins,* for appellees.

FRANKLIN, C.—Appellee, as administrator of George R.
Taylor's estate, sued appellant, as the widow, together with
the heirs of one James Quakenbush, deceased, alleging that
said appellee's decedent in his lifetime, to wit, on the 17th day
of September, 1872, recovered a judgment against said James
Quakenbush in the Greene Common Pleas Court for the sum
of $92.98, and costs of suit; that, at the time of the rendition
of said judgment, said James Quakenbush was the owner of
certain real estate in said county of Greene; that after the
rendition of said judgment, to wit, on the 10th day of De-
cember 1874, said James Quakenbush and his wife, the ap-
pellant herein, conveyed 34 acres of said real estate by war-
ranty deed to Henry T. Jewell, who is also made a defendant

Quakenbush v. Taylor, Administrator, *et al.*

herein; that said James Quakenbush died intestate in the year 1879, the owner of 24 acres of said real estate, giving a description of both said tracts of land; that there was no administration on the estate of said James Quakenbush; but that the widow, the appellant, made application to the Greene Circuit Court to have the property left by said James Quakenbush set off to her, as being an estate worth less than $500; that such proceedings were had thereon that on the 6th day of July, 1880, all of said decedent's estate, including said 24 acres of land, was set off to said widow under her said claim; that said judgment remains wholly unpaid; and praying for a decree making said real estate subject to the payment of said judgment.

A demurrer was filed and overruled to the complaint.

Appellant answered separately in two paragraphs: 1st. A denial. 2d. The proceedings and order of the court decreeing said 24 acres of land to her; that she had accepted the same, and, under the provisions of the statute, had paid funeral expenses, expenses of last sickness, and taxes on said land, in the aggregate amounting to $168.99; that the whole estate under the appraisement, consisted of $21.35 worth of personal property, and $288 worth of real estate, aggregating $309.35.

A demurrer to the second paragraph of appellant's answer was sustained. There was a trial by the court, finding for appellee, and a decree subjecting two-thirds of said 24 acres of land to sale for the payment of said judgment.

Appellant has assigned as errors the overruling of the demurrer to the complaint, and the sustaining of the demurrer to the second paragraph of answer.

The ruling upon each of these demurrers presents substantially the same question, and that is, did the widow take the land subject to or exempt from the lien of the judgment?

There is no controversy about the facts; it is simply a question of law.

Section 136 (2 R. S. 1876, p. 542,) of the act for the settlement of decedents' estates, reads as follows: "Upon such

court ordering the delivery · of possession of such estate to such widow, such clerk shall make out, and deliver to her, a certificate thereof, which shall be all the authority necessary to enable her to sue for and recover all debts due the decedent, and the possession of any property belonging to such estate, such suit being prosecuted in her own name, and such widow shall not be liable for any of the decedent's debts, except mortgages of real estate, but she may pay and may be sued for reasonable funeral expenses of the deceased; and expenses of his last sickness."

This section is the conclusion of the provisions for the giving to the widow all the estate, both personal and real, where it does not exceed in value the sum of $500, and appears to give the widow an absolute title to all of such property except as against specific liens, and mortgages on real estate are mentioned as exceptions.   It gives her the right to sue for and recover the possession thereof in her own name.

In the case of *Noblett* v. *Dillinger*, 23 Ind. 505, it was held that the title did not vest in the widow until the right had been adjudicated and ordered by the court.   In this case that was done.

In the case of *Recker* v. *Kilgore*, 62 Ind. 10, it was held that personal property mortgaged by the decedent could be recovered, in an action of replevin, from the widow, notwithstanding it had been ordered and decreed to her by the court as a part of her husband's estate, worth less than $500.   The court held that, while it was properly decreed to her, she held it subject to the mortgage lien created by the husband, and that the only remedy she had was to redeem from that lien.

The proceeding in the case of *Mead* v. *McFadden*, 68 Ind. 340, was a complaint by a widow to enjoin an execution creditor from selling certain real estate formerly belonging to her deceased husband, which execution had been levied upon the same in his lifetime, alleging that upon her application the whole of her said husband's estate, including the real estate so levied upon, had been appraised, and did not exceed in

value $500, and claiming it as belonging to her under the statute. The court held that the action could not be maintained.

That case is very plainly distinguishable from the one under consideration. There, no order of the court had been made decreeing the property to her. The title had not vested in her. *Noblett* v. *Dillinger, supra.* And a specific lien had been created upon the property, by the levy of the execution in the lifetime of the owner. In the case at bar, neither of such facts existed; here the property, without objection, had been decreed to the widow, and no specific lien existed upon it by the levying of an execution or otherwise. That the only lien upon it was the general lien of the judgment, created by the statute.

In the case of *Mead* v. *McFadden, supra,* the proceedings under the law for decreeing the whole estate, without administration to the widow, where it did not exceed $500, were not completed by the court so ordering. And the case was decided under the 43d section of the descent law, which provided for the widow's claim of $500, against estates worth more than $500, where letters of administration had been taken out, being only a lien along with judgments on the real estate of decedent; that her lien was not created until the death of the husband, and that it was junior and subject to the liens of judgments rendered in his lifetime.

That section of the statute does not apply to the case under consideration. A judgment is not a lien upon personalty, and is only by statute made a lien upon realty. This lien is purely a creature of legislation, and the Legislature may make, modify, or remove it at pleasure.

A judgment creditor has no right in the property of his judgment debtor, he only has the right to make his judgment effectual, subject to the exemption laws and other statutory provisions. Freeman Judg. (3d ed.), section 338. But when a levy of the execution is made, a specific lien attaches and

dates back to the date of the judgment, and, when levied upon sufficient property, operates *sub modo* as a release of all other property of the judgment debtor and a satisfaction of the judgment. Freeman Judg., *supra;* Rorer Jud. Sales, section 1011; *Lindley* v. *Kelley,* 42 Ind. 294; *Frank* v. *Brasket,* 44 Ind. 92.

And in the case of *Mead* v. *McFadden, supra,* the widow had not, as in this case, assumed and paid the funeral expenses, expenses of last sickness, etc. The case under consideration aptly illustrates the difference between those two cases and the aforesaid statutory provisions.

This case comes under a statute that was intended to prevent the unnecessary expenses of administration where the estate is worth less than $500, and gives the whole of it to the widow, with the exceptions named. If this estate had been managed under the 43d section of the statute, *supra,* and letters of administration granted, and two-thirds of the land sold for the payment of the debts, after the expenses of administration and said preference claims were paid, there would have been nothing left to pay on appellee's judgment, and we think in such cases the Legislature intended to give it to the widow instead of having it exhausted in unnecessary expenses of administration; and after appellee has let his judgment rest until appellant has fully complied with the statute to have the land decreed to her, and has paid all the preference claims as required, we do not think that he now has the equitable right to come in and have two-thirds of the land sold for the payment of his judgment; if so, the widow's one-third left is worth less than the preference claims she has paid, and her interest in the estate would be thus entirely wiped out, which we do not think was contemplated by the framers of said statute.

A debtor is allowed $600 worth of property as exempt from execution, and by his death the creditor is placed in no worse condition by allowing his widow only $500 exempt from the payment of his debts, with the exceptions named in the statute.

The court below erred in overruling the demurrer to the complaint, and in sustaining the demurrer to the second paragraph of the answer. The judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and it is in all things reversed, at appellee's costs, and that the cause be remanded for further proceedings in accordance with this opinion.