Filed April 9, 1890.

---

No. 14,182.

FLEMING v. HENDERSON, SHERIFF, ET AL.

EXEMPTION FROM EXECUTION.—*Set-Off to Widow.*—*Medical Services Rendered Deceased.*—*Property Charged with Payment for.*—*Statute Construed.*— In an action to enjoin the sale of certain real estate, the property of the plaintiff, it was alleged in the complaint that the sale sought to be enjoined was upon an execution levied upon property exempt from execution, but which the sheriff refused to set off as exempt. The answer alleged that the husband of the plaintiff died the owner of property of less value than five hundred dollars; that in proceedings pursuant to the statute the property was set off to the widow; that the execution in the hands of the sheriff was upon a judgment obtained in a suit against the widow for medical services rendered to her husband in his last sickness, and that the property, the sale of which is sought to be enjoined, is

the property set off to the widow, and owned by her husband at the time of his death.

*Held*, that the answer is sufficient; that the property vested in the widow under sections 2419, 2422, R. S. 1881, is charged with the burden of paying the funeral expenses, and the expenses of the last sickness of the deceased, named in section 2422, R. S. 1881.

MITCHELL, C. J., dissents.

From the White Circuit Court.

*A. K. Sills*, *T. F. Palmer* and *W. E. Uhl*, for appellant.

*A. W. Reynolds* and *E. B. Sellers*, for appellees.

COFFEY, J.—This was a suit by the appellant against the appellees, to enjoin the appellee Henderson, as the sheriff of White county, from selling, on execution, certain land described in the complaint. The complaint alleges, in substance, that the appellee Maxwell recovered a judgment in the White Circuit Court, on contract, upon which he issued an execution and placed the same in the hands of the appellee Henderson, as the sheriff of White county; that said Henderson has levied said execution upon certain described real estate, the property of the appellant, and is threatening to sell the same for the satisfaction of said judgment; that the appellant is a resident householder of said county, and is entitled to the benefit of the exemption laws of the State of Indiana; that she has made out and filed with the said Henderson, as such sheriff, the statutory schedule, and has demanded that said property be set off to her as exempt from execution, but that he neglects and refuses to set the same off to her, though her entire property does not exceed in value five hundred dollars.

The appellee Maxwell answered that one Fleming, the husband of the appellant, died in White county in September, 1885, the owner of property of less value than five hundred dollars; that in October, 1885, the appellant, as his widow, by a proper proceeding for that purpose, procured said property to be set off to her by order of the White Circuit Court upon the statutory terms; that during the last

sickness of the said Fleming the appellee Maxwell furn-
ished him necessary drugs and medical attention and medi-
cines, of the value of eighty-four dollars; that after said
property was so set off to the appellant, he brought suit
against her in the White Circuit Court, and alleged in his
complaint that said account was for medicines and medical
attention furnished the husband of the appellant in his last
illness, and recovered a judgment therein, in the sum of
eighty-four dollars and costs of suit; that the execution in
the hands of the appellee Henderson is an execution on
said judgment, and that the property, the sale of which the
appellant is seeking to enjoin, is the identical property set
off to her as the widow of the said Fleming, and was owned
by the said Fleming at the time of his death.

The court overruled a demurrer to this answer and the
appellant excepted, and failing and refusing to reply thereto
the court rendered judgment against the appellant for costs.

The only question involved in the case relates to the suffi-
ciency of this answer.

It is claimed by the appellant that notwithstanding the
fact that the property came to her under the provisions of
sections 2419 to 2422, R. S. 1881, she is entitled to hold
the same as exempt from execution on the claims named in
said statutes; while it is claimed by the appellees that the
appellant's liability is one created by the statute, and that
she is not entitled to hold the property set off to her as ex-
empt from execution against a claim for funeral expenses,
and the expenses of last sickness.

Sections 2419, 2420, and 2421, R. S. 1881, provide that
where the estate of a deceased person does not exceed in
value the sum of five hundred dollars his widow, if he leave
one entitled to share in his estate, shall be entitled to the
whole estate, and they point out the mode by which an or-
der of the circuit court may be procured vesting the title in
her.

Section 2422 is as follows:  " Upon the court entering

the decree vesting the title to such estate in the widow, the clerk of the court shall make and deliver to her a certified copy thereof; which shall be all the authority necessary to enable her to sue for and recover all debts due the decedent, and the possession of any property belonging to such estate, such suit being prosecuted in her own name. And such widow shall not be liable for any of the decedent's debts, except mortgages of real estate, but she shall pay and may be sued for reasonable funeral expenses of the deceased and expenses of his last sickness."

It is contended by the appellant that as the debt on which the judgment in favor of appellee Maxwell was rendered was upon a contract with the deceased under section 703, R. S. 1881, which provides that "An amount of property not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied," she is entitled to claim the property as exempt from sale on the execution named in her complaint.

We are not inclined to adopt the contention of the appellant. There is no contract, either express or implied, between her and the appellee Maxwell. Her liability is one imposed upon her by the statute above quoted. Her liability attaches by reason of the fact that she has procured to be vested in her the title to property charged with the burden of paying the funeral expenses and the expenses of the last sickness of the deceased. The property set off to the widow under the sections of the statute above referred to can never equal the amount allowed a householder as exempt from execution, and to say that she may claim such property as exempt against the claim for funeral expenses and the expenses of last sickness is equivalent to saying that she shall take it as free from all demands of creditors. We think this statute indicates a different intention. It is plain, we think, that it was the intention that the property owned by the deceased,

when set off to her, should vest with the burden attached of paying the expenses named in section 2422.

It is analogous to cases where the property has been mortgaged to secure the payment of a debt. In such cases it has uniformly been held by this court that it can not be claimed under the exemption laws of the State. *Love* v. *Blair,* 72 Ind. 281 ; *Recker* v. *Kilgore,* 62 Ind. 10 ; *Mead* v. *McFadden,* 68 Ind. 340.

We do not think the circuit court erred in overruling the demurrer to the answer before us.

Judgment affirmed.

MITCHELL, C. J., dissents.

