## WARNER v. WARNER.

[No. 4,318.   Filed March 12, 1903.]

SALES.—*Contract.*—*Delivery.*—*Statute of Frauds.*—A delivery of goods is not essential, at common law, to the validity of the sale; and the statute of frauds does not require a delivery where the contract is in writing.   *p. 582.*

SAME.—*Invalidity.*—*Fraud.*—*Delivery.*—The presumption of fraud and invalidity in a sale of goods, arising from the want of delivery and change of possession, is indulged only in favor of the creditors of the vendor or subsequent purchasers in good faith.   *pp. 582, 583.*

SAME.—*Bargain and Sale.*—*Executory Contract.*—*Delivery.*—In a case of bargain and sale, the goods which are the subject of the contract become the property of the buyer as soon as the contract is concluded, whether the goods are then delivered to him or remain in the possession of the seller; but in the case of an executory contract of sale the goods remain the property of the seller until the contract has become executed.   *p. 583.*

SAME.—*Executory Contract.*—Whether in a particular case there is an actual sale, or only an executory contract of sale, depends upon the intention of the parties, which is to be ascertained from the terms of the contract.   *p. 583.*

CHATTEL MORTGAGE.—*Record.*—*Delivery of Goods.*—*Sales.*—It is not necessary to the validity of an assignment of goods by way of mortgage, as between the parties thereto, that the goods be delivered or that the mortgage be recorded, and the want of acknowledgment and recording, where the goods are not delivered and retained, does not render the mortgage invalid, except as against others than the parties thereto.   *p. 583.*

SAME.—*Sales.*—*Husband and Wife.*—*Descent and Distribution.*—A husband immediately prior to his death executed an instrument conveying all of his personal property to his father as security, or in payment of a debt, and shortly after his death the father took possession of the property.   The court upon application of the widow assigned the property to her, under §§2575–2578 Burns 1901, giving all of a decedent's estate to his widow when the same does not exceed $500 in value, and, upon the refusal of the father to deliver the same to her, the widow brought suit for the value thereof.   *Held*, that if the transaction was a bargain and sale, the property would not belong to the estate of decedent, and if it amounted to a mortgage, the decree of the court would merely operate to vest the title in the widow subject to the mortgage.   *pp. 579–585.*

From Adams Circuit Court; *D. D. Heller*, Judge.

Action by Sarah E. Warner against James Warner. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. V. Harris* and *J. T. Merryman,* for appellant.
*R. S. Robertson* and *W. S. O'Rourke,* for appellee.

BLACK, P. J.—This cause was commenced in the Allen Circuit Court, wherein a demurrer to the complaint for want of sufficient facts was overruled. In her complaint the appellee Sarah E. Warner alleged that she was the widow of Samuel Warner, deceased, who died September 1, 1900, in Allen county; that while he was dangerously ill, August 30, 1900, the appellant James Warner who was his father, through the agency of his two other sons, Berlin and William Warner, "wrongfully and tortiously induced the said Samuel Warner, without her knowledge or consent, to execute to said James Warner, his father, a paper he represents was a bill of sale, which described and conveyed to said James Warner all the personal property of which said Samuel was possessed, and that to procure the signature of said son to said instrument, the said two sons, acting as agents for the said James Warner, represented that he was security for said Samuel to a considerable amount, and promised to apply the proceeds of said property to the payment of the debts of said Samuel; that at the time said instrument was signed as aforesaid said Samuel was suffering intensely from an illness which required a surgical operation, and was unfit to transact any business, by reason of his physical and mental condition resulting from said illness, and that the possession of said property was not delivered to said James Warner; that an operation was performed upon him the next day after his father had procured his signature to said instrument, from the effects of which operation he never recovered, but died on the succeeding day, the 1st day of September, 1900; that immediately after the funeral said two sons, Berlin and William, as

agents of said defendant James Warner, on the 4th day of September, 1900, appeared at the home of plaintiff and said decedent, and presented said instrument and demanded possession of all the personal property; that she was worn out with attending upon her said husband, and so worried as not to be in a condition to realize her condition, or fully understand what was required of her, or know her rights, and believed from the representation of the defendant that she had no choice, and, he promising to pay all the debts of her deceased husband, she consented only upon that condition to defendant's taking possession of said property, which he then for the first time did; that subsequently thereto she made application to the circuit court to have said property so taken possession of by defendant set off to her as widow of decedent, it being of value not exceeding the sum of $500, and that said court had set off the same to her under said provision of the law; that she has caused demand to be made upon said defendant to return the said property to her, but he has refused, and has taken and appropriated to his own use all of said property, and has wrongfully and tortiously appropriated the proceeds of such sales to his own use, and has not paid the debts of said decedent, as he promised to do, nor any part thereof, but wrongfully refused to pay said debts, or any of them. Wherefore, she demands judgment for the value of the goods so taken and appropriated by said defendant, with interest, in the sum of $600, and for all other proper relief."

Whatever may have been the purpose, the pleading does not contain any sufficient charge of fraud. The knowledge or consent of the wife was not necessary to enable the decedent to sell or mortgage his personal property, and no misrepresentation of any matter of fact is shown. The pleading does not set forth the contents or purport of the paper signed by the decedent, or affirmatively show its character. It is alleged that the appellant "represents" it as a bill of sale which described and conveyed to the ap-

pellant all the personal property of which the decedent was possessed. It is not shown whether such representation, if made to the decedent, would have been true or false; and the same may be said of the allegation that the appellant's agents represented that appellant was security for the decedent to a considerable amount.

The pleading does not show unsoundness of mind of the decedent, nor does it show sufficiently that the appellant fraudulently took any advantage of the mental weakness or incapacity of the decedent in the procurement of his signature. Nor is there shown any unsoundness of mind of the widow, or fraudulent representation to her. She consented to the taking possession of the property on the promise of the appellant to pay all the debts of the decedent, and upon such condition. The value of the property described in the instrument, and taken by the appellant, is not directly stated, nor is there any statement of the amount of the indebtedness which the appellant promised to pay, or who were the creditors. The specific demand was for judgment for the value of the goods, with interest, in a specified sum, and not for the amount of any debts which the appellant had failed to pay as promised.

Any discussion relating to the character of the transaction between the appellant and the decedent must proceed, necessarily, on conjecture; for the averments of the pleading are too uncertain and indirect to furnish a sure basis of legal deduction. The appellant, in argument, inclines to a theory that the transaction was a bargain and sale, while the appellee seems to regard it as in the nature of a mortgage to secure the payment of debts of the decedent for which the appellant was his surety, and bases a claim of invalidity on the ground that there was no immediate delivery, and that the instrument was not recorded. It does not appear from the complaint that it was or was not recorded, and if the recording was necessary to its validity as against the widow, it would be incumbent on her

to show, in her attack, the fact which rendered the transaction invalid. It was alleged that the appellant did not take possession of the property until after the death of his son, when he did so with the consent of the widow.

The statute provides a mode of procedure, upon petition of the widow of a decedent, when all the estate, both real and personal, of the decedent is not worth over $500, whereby she may procure the entry of a decree vesting in the widow "all the title and interest of the decedent in such estate at his death, and directing that no letters issue thereon;" and it is provided that the clerk's certified copy of the decree shall be all the authority necessary to enable her to sue for and recover in her own name, "all debts due the decedent, and the possession of any property belonging to such estate;" also, that such widow shall not be liable for any of the decedent's debts, except mortgages on real estate, but she shall pay and may be sued for reasonable funeral expenses of the deceased and expenses of his last sickness. §§2575-2578 Burns 1901.

Where an order of court has been duly made setting off to the widow all of the property of the estate as being of a value not more than $500, she is entitled to recover whatever there may be of property or debts, by virtue of the order of court, and she can not be deprived of such right except by setting aside the order. *Downs* v. *Downs,* 17 Ind. 95.

A delivery of goods sold is not essential, at common law, to the validity of the sale; and the statute of frauds does not require a delivery where the contract is in writing. §6635 Burns 1901; *Pierce* v. *Gibson,* 2 Ind. 408; *Henline* v. *Hall,* 4 Ind. 189; *Scott* v. *King,* 12 Ind. 203, 210; *Cloud* v. *Moorman,* 18 Ind. 40; *Bertelson* v. *Bower,* 81 Ind. 512; *Kuhns* v. *Gates,* 92 Ind. 66; *Halstead* v. *Jessup,* 150 Ind. 85; *Leffler* v. *Watson,* 13 Ind. App. 176.

The presumption of fraud and invalidity in a sale of goods, arising from the want of delivery and change of pos-

session, is indulged only in favor of "creditors of the vendor, or subsequent purchasers in good faith." §6636 Burns 1901.

In case of a bargain and sale, the goods which are the subject of the contract become the property of the buyer as soon as the contract is concluded, whether the goods are then delivered to him or remain in the possession of the seller; but in case of an executory contract of sale the goods remain the property of the seller until the contract has become executed; and whether, in a particular case, there is an actual sale, or only an executory contract of sale, depends upon the intention of the parties, which is to be ascertained from the terms of the contract. *Lester* v. *East,* 49 Ind. 588; *Branigan* v. *Hendrickson,* 17 Ind. App. 198.

It is not necessary to the validity of an assignment of goods by way of mortgage, as between the parties thereto, that the goods be delivered, or that the mortgage be recorded; and the want of acknowledgment and recording, where the goods are not delivered and retained, does not render the mortgage invalid, except as against others than the parties thereto. The mortgagor can not take any advantage from failure to record the mortgage. §6638 Burns 1901; *Reynolds* v. *Quick,* 128 Ind. 316.

In *McTaggart* v. *Rose,* 14 Ind. 230, the owners of personal property had mortgaged it to their indorsers, giving them authority in the mortgage to take the property and sell it for their indemnity when they should be called upon to pay the obligations on which they were indorsers. The mortgage, though not recorded within ten days from its execution, was valid as between the parties, and conveyed title as against all persons but creditors of the mortgagors. The mortgagees, having been compelled to pay the notes indorsed by them, took possession of the mortgaged property and sold it; it not appearing that the mortgagors then had creditors other than the mortgagees. The sale was held

valid as against one who subsequently obtained judgment and issued execution thereon against the mortgagors.

In *Recker* v. *Kilgore,* 62 Ind. 10, it was held that personal property on which the owner had executed a mortgage to secure the payment of a debt might be replevied by the mortgagee, on default of payment, from the mortgagor's widow, though it constituted all the estate of her deceased husband, and was of less value than $500, and, therefore, upon her application to the proper court, had been duly appraised, and by order of the court set off to her.  See, also, *Mead* v. *McFadden,* 68 Ind. 340; *Love* v. *Blair,* 72 Ind. 281; *Quackenbush* v. *Taylor,* 86 Ind. 270; *Gilbert* v. *McCorkle,* 110 Ind. 215; *Fleming* v. *Henderson,* 123 Ind. 234; *Dixon* v. *Aldrich,* 127 Ind. 296.

In *Mayer* v. *Myers,* 129 Ind. 366, there was a cross-complaint seeking foreclosure of a chattel mortgage executed by a decedent.  An answer of the administrator and the widow showing that the mortgage was not recorded in the proper county, that the decedent's estate was insolvent, and that the deceased remained in possession of the property until his death, was held insufficient.  It was said that if the mortgage was valid as to the mortgagor, he leaves nothing to descend to his heirs, except the property subject to the mortgage lien.

The decree contemplated by the statute in the proceeding of the widow to have the property set off to her, where the estate is not worth more than $500, is, as above noticed, a decree vesting in the widow only the title and interest of the decedent in the estate at his death.  The statute (§2577 Burns 1901) provides, that "Any creditor, heir, or legatee may resist the entering of such order; and on the filing of an affidavit, stating that he verily believes such estate was improperly valued, and that the same exceeds $500, or that property belonging to such decedent was not embraced in the inventory" made by the appraisers, the court shall cause a reappraisement.  If in such case the inventory should

embrace property in which the decedent had no title or interest at his death, the actual owner thereof, not a party to such proceeding, would not be affected as to his title by the decree.

If the transaction between the appellant and the appellee's husband was a bargain and sale, he, at his death, had no title to the property, and it could not constitute after his death the estate of the decedent, and therefore the title of the real owner, the appellant, would not be divested by the decree. If, on the other hand, the transaction amounted to an assignment by way of mortgage, the decree would operate to vest the title in the widow, subject, however, to the mortgage; and any complaint by her, not showing the invalidity of the mortgage must necessarily proceed upon some theory recognizing and protecting the rights of. any person secured by the mortgage.

The assertion of the appellant's obligation on his promise to pay the debts implied his right to reimbursement out of the property. The appellant was liable, at least on his contract of suretyship, to the creditors of the decedent. If he was liable to the widow on the promise to pay the creditors, he might be compelled to pay twice. She was not interested in the enforcement of the promise of the appellant to pay debts, as to which she was not liable; but she was entitled to the property in question, which was subject to the lien or trust which her husband in his lifetime, with full right to do so, and upon sufficient consideration, had created.

Judgment reversed, and cause remanded, with instruction to sustain appellant's demurrer to the complaint.