S. Breakstone and Company *v.* General Parts Corporation et al.

[No. 12,941. Filed February 16, 1928.]

*Joseph C. Herron,* for appellant.

*Wolf & Barnes, Harness & Harness* and *Forest A. Harness,* for appellees.

REMY, C. J.—Action in replevin instituted by appellee General Parts Corporation, hereinafter designated as appellee, against appellant and appellee railroad company, to recover 150 sets of automobile cushion springs. The railroad company was made a party defendant for the reason that at the time the suit was commenced, the springs were in one of its cars.

It appears from the evidence submitted at the trial that appellee, a corporation with principal offices at Flint, Michigan, was at the time in question a dealer in automobile bodies, materials for finishing bodies, and automobile springs, and, besides a large stock of bodies and materials, it had on hands 430 sets of cushion springs, the springs being stored in a wareroom in the city of Kokomo, this state; that it sold to appellant ninety automobile bodies, certain materials for finishing bodies, and, as described in the bill of sale, "one lot of cushion springs." When all the property so sold had been paid for in accordance with the terms of the contract, and after there had been a delivery of everything except the springs, appellant came to Kokomo, and, claiming that it had bought all of the springs stored in that city, began to load them into box cars. Appellee, asserting that it had retained 150 sets of the springs, instituted a suit to enjoin appellant from taking the springs. Before the injunction suit came to trial, the

parties agreed in court that the 150 sets of springs claimed by appellee should be set aside in a separate pile, which was done. Thereafter when appellant finished loading the springs, other than those separately piled, he proceeded to load them also, putting them in a separate car. Then it was that this action in replevin was commenced. On the trial, the court holding that the expression "one lot of cushion springs" rendered the contract ambiguous as to the number of springs sold, evidence of the surrounding circumstances and what was said by the parties at the time was admitted to show the intention of the parties. It is not necessary to set out this evidence. It is sufficient to say that on this issue the evidence was conflicting.

Trial resulted in a finding and judgment for appellee. The only question which will require our consideration is whether the decision of the trial court is contrary to law.

It is earnestly contended by appellant that when it paid in full the consideration as provided by the terms of the contract, the title to the springs passed, and that the title being no longer in appellee, the action in replevin would not lie. In support of this contention, appellant cites *Warner* v. *Warner* (1903), 30 Ind. App. 578, 66 N. E. 760. In that case the holding is that where there is a bargain and sale, the goods, which are the subject of the contract, become the property of the buyer as soon as the contract is concluded, whether the goods are then delivered to him or remain in possession of the seller; and whether, in a particular case, there is an actual sale, depends upon the intention of the parties, which is to be ascertained from the terms of the contract. Unquestionably that is a correct statement of the law, but the doctrine is only applicable where the property sold may be definitely ascertained from the contract, or where the property has been set

apart or in some other manner designated. In the instant case, all the property was specifically described in the contract except the springs, which were referred to as "one lot of cushion springs." From that description, the number of springs cannot be definitely ascertained, and it does not appear from the evidence that at the time the contract was consummated, any steps were taken to isolate or designate the springs which were to be included in the contract. It is a well-established principle of the law of sales that a contract for the sale of personal property, which at the time constitutes a portion of a larger stock or bulk, is incomplete and executory, and passes no title to the purchaser, even though he pays the full purchase price, until it is separated from the stock or bulk, or in some other manner has been designated as the portion sold. *Commercial Nat. Bank* v. *Gillette* (1883), 90 Ind. 268, 46 Am. Rep. 222; *Murphy* v. *State* (1883), 91 Ind. 366; *Lester* v. *East* (1875), 49 Ind. 588, and cases cited. See Benjamin, Sales (6th ed.) 308. There being nothing in the contract to designate the springs purchased, except the indefinite expression "one lot of cushion springs," it follows that the mere payment of the purchase price was not sufficient to pass title.

A further suggestion of appellant is that if appellee is right in its contention that the parties intended that a part of the springs stored at Kokomo was to be retained by appellee, then it must follow that the contract would be executory in character, and that the action in replevin would not lie. There might be merit in this contention, if it were not for the fact that before the commencement of this action the 150 sets of springs had by agreement of the parties been segregated and placed in a separate pile, and that appellant, without the consent of the appellee, had taken possession of the springs thus segregated.

There is evidence that when the bill of sale was signed and delivered, it was intended by the parties that the 150 sets of springs were to be retained by appellee.

We hold that the decision of the court is not contrary to law.

Affirmed.