[No. 766.]

## B. F. RHODES, RESPONDENT, *v.* J. A. WILLIAMS AND MARIA WILLIAMS, APPELLANTS.

SEPARATE APPEAL FROM JUDGMENT.—Where the homestead right of a married woman, who has been made a party defendant with her husband, in an action to dissolve a copartnership —it being claimed that the homestead was purchased with partnership funds—has been finally determined, she can prosecute her separate appeal, although the decree as entered is not final against her husband.

IDEM—WHEN DECREE IS NOT FINAL.—A decree of dissolution of copartnership, which declares that the indebtedness of the partnership can not be determined without making a portion of its creditors parties to the action, and that no final decree can be made until such indebtedness is ascertained and the amount of partnership assets determined by the sale of certain property, is only interlocutory, and an appeal taken therefrom is premature, and must be dismissed.

DISSOLUTION OF COPARTNERSHIP — WHEN WIFE IS A NECESSARY PARTY DEFENDANT.—In an action to dissolve a copartnership where one of the questions involved in the suit is whether the property described in the complaint is the homestead of the defendant, or the property of the partnership, the wife of the defendant is a necessary party to the action.

PARTNERSHIP PROPERTY MAY BE SOLD WITHOUT THE RIGHT OF REDEMPTION.—Where the property of an insolvent partnership is ordered to be sold in order to pay the partnership debts, the right of redemption does not exist.

Argument for Appellant.

SALE OF PARTNERSHIP PROPERTY.—The court, in ordering a sale of partnership property, has the power to prescribe the time and manner of making the sale, and, if the mode prescribed is reasonable and just, it is immaterial whether the order strictly conforms to the provisions of the practice act regulating sales under execution.

REFEREE—FAILURE TO MAKE A REPORT.—If a referee fails to make his report within the time ordered by the court at the time of his appointment, he may be removed upon the application of either party, but if not removed his authority to hear the case does not expire.

HOMESTEAD BUILT WITH PARTNERSHIP FUNDS.—A decree ordering the sale of property claimed by one of the partners as a homestead, will not be set aside where the evidence shows that the partnership is insolvent; that the partner claiming the homestead is largely indebted to it; that partnership funds were used to a considerable extent in building the house claimed as a homestead, and there is some evidence that the land was purchased and improvements made with money derived from that source alone.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*W. L. Knox,* for Appellant:

I. The demurrer should have been sustained. The defendant, Maria Williams, was not a member of the copartnership, and not a proper party to a settlement of the business of said copartnership. The complaint fails to show any cause of action against her. (*Summers* v. *Farish,* 10 Cal. 347.)

II. The complaint states no facts which constitute a fraud on the part of defendant, J. A. Williams.

III. The judgment and decree is erroneous. It orders the homestead of defendants to be sold without redemption, contrary to the provisions of the statutes of 1869 (p. 233, sec. 231.)

IV. It orders that the sale shall be within view of the property, which is contrary to the statutes of 1869 (p. 239, sec. 225.)

V. No process from any court can deprive a wife of her homestead when once acquired. No alienation of such homestead can be made, except by the joint voluntary act of the husband and wife, when that relation exists. (Const., art. IV, sec. 30; stat. 1864–5, pp. 225, 226, 227, sec. 1.)

VI. The referee had no authority to hear and report a judgment in the cause. His authority had ceased before the hearing. It was a case of special reference, by which he was to hear the parties and report by a certain day. After that day, without an order of court extending the time, he could exercise no functions in the cause.

VII. The judgment and decree entered was final. If plaintiff desired to have the creditors brought in, he should have made them parties to the suit, and had their rights determined at the hearing.

VIII. A partner withdrawing funds of the partnership and applying them to his own use, is accountable for the amount, but that does not constitute a fraud. (Collyer on Part., Perkin's Ed., sec. 178, note 3, p. 166.) As to what constitutes fraud: see Adam's Eq., p. 397, sec. 177. The law might punish fraud of a copartner by depriving him of his homestead, but it has not done so. (*Hawthorne and Wife* v. *Smith*, 3 Nev. 188.)

*Thomas E. Haydon*, for Respondent:

I. Defendants' demurrer was properly overruled. (Coll. on Part., sec. 361.)

Plaintiff claims the house and lot as acquired by wrongful use of the partnership funds, and so to be held as partnership property. The defendant, Maria Williams, claimed adversely as individual property of her and her husband, and as being her homestead. Hence she had an adverse claim to the property in controversy, and was a necessary party. (Prac. Act, sec. 13.) The complaint alleges and the proof shows that defendant Williams improperly withdrew and converted the funds of the copartnership of Williams & Rhodes and put it in the house and lot claimed as a homestead, and equity will follow it there. (Story on Part., latter part of sec. 97; Collyer on Part., B. 2, chap. 1, sec. 1; *Cottle* v. *Leitch*, 35 Cal. 440.)

II. No appeal lies from the order. (Vol. 1, Van Sant. Eq. Prac., 519, 521.) No final decree can be entered until the indebtedness of the partnership is ascertained, and the partnership assets sold and converted into money. (2

Van Sant. Eq. Pr., 193 to 207 inclusive; Coll. on Part., sec. 322, note 4.)

III. As no motion was ever made to set aside the order of reference, the authority of the referee continued until his duty was performed. (2 Van Sant. Eq. Pr., 195 to 202.)

By the Court, BEATTY, J.:

The complaint in this action contains, among other things, allegations to the following effect: That for some time prior to the first of December, 1872, plaintiff and the first-named defendant had been equal partners in a grocery and provision store at Reno; that said defendant had had exclusive charge of the principal part of the business of the firm, and particularly of the books and accounts; that he had fraudulently, and without the knowledge or consent of plaintiff, converted to his own use a large portion of the funds of the partnership, and employed them in the purchase of land, and the erection thereon of a dwelling, which he and his wife were claiming as a homestead; that the stock of goods in the store had become greatly reduced; that the defendant was largely indebted to the firm, and the firm largely indebted to the plaintiff and to third parties; that the defendant was totally insolvent; that the plaintiff was responsible and liable for the debts of the firm, the assets of which were insufficient to pay its debts; that the defendant had failed to keep correct accounts of the business and affairs of the partnership; that upon the discovery of these facts plaintiff demanded a dissolution, to which the defendant assented; that the value of the goods remaining on hand was agreed upon, and the whole stock transferred to the plaintiff, defendant being credited on his account with the value of his half; that plaintiff then took exclusive charge of the business, collected the assets, and settled with a portion of the creditors of the firm; that he subsequently demanded an accounting and a settlement with the defendant, which was refused. These allegations are followed by a prayer for an accounting, and that the property claimed by defendants as a homestead may be declared to be partnership property, and ordered to be sold as such, and the funds applied to

.the payment of the partnership liabilities, and for general relief.

The answer of the defendant admits the partnership, its terms and the fact of dissolution. But most of the other allegations of the complaint are denied wholly or in part. The defendant claims that at the time of the dissolution of the partnership there was a full and final settlement between him and the plaintiff; that the plaintiff assumed all the liabilities of the concern, and fully released him from all claims whatsoever, in consideration of the transfer to plaintiff of the stock of goods then in the store, and the outstanding accounts. The defendants admit that they used a small amount of the funds of the partnership in building their house, but allege that this was done with the knowledge and full consent of the plaintiff, and they claim that the land was purchased and the house mainly constructed with their own funds, and upon their own credit. Upon the filing of this answer, the case was referred with directions to the referee to take the testimony and report the facts, conclusions of law, and a proper judgment. After a hearing, the referee reported findings in favor of the plaintiff on all the material issues raised by the pleadings, together with his conclusions thereupon, and a judgment in accordance with his conclusions. The judgment so reported was ordered to be entered as the judgment of the court. A motion by defendants for a new trial was overruled, and they have appealed from the judgment and from the order overruling their motion for a new trial.

The first question presented for our consideration arises upon the objection of the respondent, that this appeal does not lie, because the judgment appealed from is not final, but merely interlocutory.

The judgment assumes to be, and according to its terms is, interlocutory, and not final; but whether it may not be really and substantially a final judgment, within the meaning of the provisions of the statute respecting the right of appeal, is a question of some difficulty. The findings of the referee, as above stated, are in favor of the plaintiff on all the material issues involved in the case, but he reports

that the amount of the indebtedness of the partnership cannot be determined without making a portion of its creditors parties to this action, and compelling them to bring in their claims and litigate them. That in consequence of this uncertainty as to the indebtedness of the firm, it is impossible to state the account between the partners, and that no final decree can be made until the creditors have been brought in, and the validity and amount of their claims determined, nor until, by the sale of the property claimed by defendants as a homestead, the amount of the partnership assets is determined.

The decree follows these findings and conclusions of the referee. It appoints a receiver, who is empowered and directed to sell the homestead, so-called; requires the defendants under pain of being held guilty of a contempt of court, to execute a conveyance of said property to the receiver; contains directions for making the creditors of the firm parties to the action, and declares that until these things have been done, and the results reported by the referee, no final decree can be entered in the cause. In the meantime, however, the findings of the referee are definitively adopted, as far as they go, and the further accounting between the parties is required to be based upon the facts so established.

The difficulty of determining whether any appeal lies from this judgment arises from the fact that the action involves two matters which are in a great measure distinct; that one of the defendants, Maria Williams, has no interest in one branch of the proceeding, and that the decree is final as to all matters directly affecting her, while it is merely interlocutory as to other matters affecting her co-defendant.

Maria Williams, if she is a proper party to the action, is so only by reason of her claim of a homestead right in the property which the plaintiff claims to belong to the partnership, and this decree is final upon that point. If she has a right of appeal in the action which she can exercise independently of her husband—and it will not be denied that she has such a right—there seems to be no good reason why she may not prosecute her separate appeal at this time

from a decree, which, so far as her rights are concerned, is as final and conclusive as it can ever be made. On the other hand, there are strong reasons why she should be allowed to prosecute her appeal at this time, for otherwise she may be deprived of her homestead pending a protracted litigation concerning matters with which she has nothing to do.

Our opinion is, that the appeal of Maria Williams was not prematurely taken. But we are of opinion that both the appeal and the motion for a new trial on the part of her husband were premature and that his appeal must be dismissed.

Of course, if it had been necessary or even permissible for him to move for a new trial, upon receiving notice of the filing of the report which has been made by the referee in this case, it would follow that his appeal from the order overruling his motion for a new trial would lie, for otherwise he might be wholly deprived of any appeal from that order by the expiration of the time within which such an appeal may be taken before the rendition of any final judgment. But he was not required nor could he be permitted to move for a new trial until the issues between him and the plaintiff had been fully and finally decided. Before a party can move for a new trial the action must have been, not partially, but fully tried (Pr. Act, sec. 197; 27 Cal. 385; 41 Cal. 406), and this action has been finally and fully tried only so far as Maria Williams is concerned. The fact that she and her husband joined in the motion and in this appeal, does not invalidate the motion or the appeal so far as she is concerned, nor will it prevent him from making his motion and taking his appeal when the proper time arrives.

We will proceed to examine those assignments of error which are involved in the appeal of Maria Williams:

First. Her demurrer to the complaint was properly overruled. It stated a cause of action against her. Her husband's declaration of homestead gave her an interest in the premises occupied by them which could only be barred by an action to which she was a party. The question involved

in the controversy was whether the property described in the complaint was the homestead of her husband and herself, or the partnership property of her husband and the plaintiff, and certainly she was a necessary party to a complete determination of that question. (Pr. Act, sec. 13.) And if the land had been purchased and the house erected with money abstracted from the partnership funds of an insolvent firm, there can be no doubt that they were partnership property and liable for the debts of the firm. (Story on Part., sec. 97.)

Second. The order that the property should be sold without being subject to redemption was not erroneous. The provisions of the practice act with reference to sales of property under execution have no application to this case. Here the property of an insolvent partnership is ordered to be sold in order to pay the partnership debts. Where in such a case could a right of redemption reside? Not in the firm, certainly; for that has ceased to exist. Not in one of the partners to the exclusion of the other, for their rights are equal, and not in each severally, because that is impossible. As to the appellant, the result of the decision is that she never had any right to or interest in the property. It was at all times the property of the partnership, and no person can acquire a right to the lands of another by claiming them as a homestead.

Third. Neither was the order that the sale should be within view of the property erroneous. The court had the power to prescribe the time and manner of making the sale, and if the mode prescribed is reasonable and just, it is not erroneous simply because it does not strictly conform to the provisions regulating sales under executions.

Fourth. When the referee was appointed in this case he was required to make his report by the twenty-seventh of February, 1874. For some reason which is not explained, he did not commence taking the testimony until nearly a year had elapsed after the time when his report should have been filed. Defendants objected on the hearing before the referee, and the appellant urges the objection here that the authority of the referee to hear the case expired at the date

when he was ordered to report. No authority is cited to sustain this proposition, and according to our construction of the order of reference that part of it which required the report to be filed within a certain time was not a limitation upon the power of the referee, but merely a direction to proceed expeditiously, a direction which he ought to have obeyed, and for neglecting which he might have been removed upon application of either party. But as neither party demanded a revocation of his authority it continued in full force.

Fifth. The grounds of the motion for a new trial are not supported by any sufficient specification of the particulars in which the findings are against the evidence. But without resting our decision upon that ground, we are satisfied that the order overruling appellant's motion was correct. The evidence very clearly shows that the partnership was insolvent, and that J. A. Williams was largely indebted to it. It is conceded that partnership funds were used to a considerable extent in the erection of the house claimed as a homestead, and there is some evidence that the land was purchased and the improvements erected with money derived from that source alone. The findings of the referee to that effect are therefore not unsupported, and must stand. That they are sufficient to support the judgment has been shown.

The appeal of the defendant, J. A. Williams, is dismissed. and the judgment against Maria Williams is affirmed.