### Archibald Love et al. v. John Blair.

1. *Unincorporated Associations are Partnerships.*—Where men associate themselves together under a common name, and do not incorporate the association under the laws of the State, they may be deemed partners.

2. *Once a Mortgage always a Mortgage.*—Where parties sue on an instrument as a mortgage they cannot afterwards be allowed to say that it was a contract of sale.

3. *Mortgage Defined.*—Any instrument executed to secure an existing debt will be treated in equity as a mortgage.

4. *Exemptions—Partnership Property.*—The statute exempting property from seizure and sale for debt does not apply to a case where the debtor voluntarily conveys, by way of mortgage, his property to the creditor. And in case of a partnership, one partner cannot claim any part of the partnership property as exempt from sale on an execution against him. And especially one partner cannot claim as exempt partnership property mortgaged by the partnership to secure a partnership debt.

Filed March 31, 1881.

Appeal from Clay.

Opinion of the court by Mr. Justice Elliott.

Appellants sought and recovered a decree foreclosing a chattel mortgage executed by the Limited Liability Coal Company. It appears from the complaint the company was not a corporation, but an association of persons doing business under that name. It is not directly averred in the complaint that the members of the association were partners, but from the facts stated this would be the fair inference. Where men associate themselves together and conduct a general business under a common name, and do not incorporate the association under the laws of the State, they may be deemed partners. *Kenyon* v. *Williams*, 19 Ind., 44; *Manning* v. *Gasharie*, 27 Ind., 399.

· The appellee filed what is designated a cross-complaint, wherein it is alleged that he is a resident householder; that he was the owner of one-fourth of the property described in the mortgage in addition to that owned and possessed by him, to equal in value the sum of three hundred dollars. It is also stated in this pleading, not however in express terms, that the defendant was a member of the firm by which the mortgage was executed; the term firm is several times used, and always as indicating that the mortgage was executed by persons associated under a common name as partners. To this pleading a demurrer was overruled, and exception entered.

The appellants, at the time the decree was entered, moved to modify it by striking out that part of it which declared that the appellee had a right to claim part of the mortgaged property as exempt from sale. This motion was overruled, and an exception properly reserved.

The appellants insist that the appellee had no right to claim any part of the property as exempt from sale, because the instrument which constituted the foundation of the action was a contract of conditional sale, and not a mortgage. This argument is without force. The appellants have sued upon the instrument as a mortgage, and they are not in a situation to assert that it was a contract of sale. "Once a mortgage always a mortgage." The instrument shows that it was executed to secure a subsisting debt, and such instruments equity always treats as mortgages.

There is no force in the argument that appellee had parted with the title to the property. The instrument upon which the action is based could not, it is obvious from what has already been said, have the effect to divest the mortgagor's title. The case is not within the authorities which deny the right of exemption when claimed after title has been conveyed.

The mortgage executed by the appellee was his voluntary act, and transferred the property to the mortgagee as security for the debt therein described. The mortgagor had power to sell, to pledge or to convey by mortgage, and he voluntarily exercised this right. He is not now in a condition to claim the property as exempt from sale. The reasoning in *Recker* v. *Kil-*

*gore,* 62 Ind., 10, applies with peculiar force to the present case. In the case cited it was held that a chattel mortgage made by a husband in his lifetime was a valid lien against the widow's claim to $300 out of the estate of her deceased husband. The later case of *Mead* v. *McFadden*, 68 Ind. 340, expressly approves *Recker* v. *Kilgore.* The statute exempting property from seizure and sale for debt does not apply to cases where the debtor voluntarily conveys, by way of mortgage, his property to the creditor. With quite as much reason might a vendor or pledgor who had sold or pledged property in payment of a debt, demand its return upon the ground that it was exempt. Neither the constitution nor the statute was meant to restrain the debtor from voluntarily incumbering or transferring his property.

There is another consideration which has been overlooked by the court and counsel, and which is decisively against the claim of the appellee. Taking the cross-complaint and the original complaint together, it very clearly appears that the property covered by the mortgage was partnership property, and mortgaged to secure a partnership debt. The weight of authority is decidedly in favor of the proposition that one partner cannot claim any part of the property of an existing partnership as exempt from sale upon execution against him. *Guptil* v. *McFee*, 9 Kans., 35; *Clegg* v. *Houston*, 1 Phil. R., 353; *In re Hanalin*, 3 Dill, 293; *Russell* v. *Lemon*, 39 Wis., 570; *Pond* v. *Kinbull*, 101 Mass., 105; *Gaylord* v. *Imhoff*, 26 Ohio St., 37; *State* v. *Spencer*, 64 Mo., 355; *Kingsley* v. *Kingsley*, 39 Cal., 666; *Bond* v. *Connelly*, 44 Pa. St., 447; *Rhodes* v. *Williams*, 12 Nev. 20.

There is, indeed, considerable conflict upon this question, and many courts declare a rule different from that stated. But however it may be as to the rule just stated, it is very clear that one partner cannot claim as exempt partnership property, mortgaged by the partnership, to secure a partnership debt.

The cross-complaint was clearly bad, but it would work the appellant injustice to reverse for that reason, as the decree was in his favor upon all points except that of the right of exemption. Justice can be best done by directing the court to sustain appellants' motion to modify the decree; the cause is therefore remanded, with instructions to modify the decree in accordance

with appellants' motion; and costs are adjudged against the appellee.