### REBESHER et al. v. REBESHER.

(Supreme Court, Equity Term, Erie County. December, 1910.)

1. TRUSTS (§ 102*)—BREACH OF DUTY BY GUARDIAN—FOLLOWING TRUST PROPERTY.

Where the guardian of minors, with moneys belonging to them, purchased a residence, taking the title in his own name and that of his wife, the land was charged with a trust in favor of the wards, and the wife's estate by the entirety, which arose on the death of her husband, was subject to a lien in favor of the minors for the amount owing to them from their guardian, not exceeding the amount of the misappropriation.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 153; Dec. Dig. § 102.*]

2. TRUSTS (§ 356*)—CONSTRUCTIVE TRUSTS—FOLLOWING TRUST PROPERTY—ACCOUNTING.

The wife of a deceased guardian, who purchased land with money belonging to his wards, taking title in the names of himself and wife, is entitled as against the wards to the benefit of payments made by the guardian by which the amount due the wards was reduced to an amount less than the misappropriation.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 356.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles Rebesher and others against Matilda Rebesher. Judgment for plaintiffs.

Joseph L. Roemhild, for plaintiffs.

Louis Braunlein, for defendant.

BROWN, J. John F. Rebesher, the father of the plaintiffs and Ann Rebesher, died April 8, 1899, leaving a last will and testament, wherein he bequeathed to his children all his property and appointed John G. Rebesher general guardian of such children; they being all minors. During the years 1899, 1900, and 1901, there came into the possession of such guardian $2,734.55, the property of his wards. In November, 1899, John G. Rebesher purchased the premises described in the complaint, taking the title thereto in the names of himself and the defendant Matilda Rebesher, his wife, paying on the purchase price thereof $1,180, using for such purpose that amount of the money in his hands belonging to his wards. John G. Rebesher died September 24, 1904, owning no property, and the defendant Matilda Rebesher then became the owner of such premises as surviving tenant by the entirety. Upon the premises there is an unpaid mortgage amounting to $1,400. John G. Rebesher used all the funds in his hands as guardian in supporting his family, which consisted of himself, Matilda, his wife, several children, and the children of John F. Rebesher, the plaintiff, and Ann Rebesher, a defendant herein, except that a portion of such funds were used in paying taxes and in repairing such premises. The plaintiffs claim a lien upon the premises owned by Matilda Rebesher to the extent to which their money was invested therein by this guardian.

The defendant Matilda never having contributed anything toward the purchase price of said premises, her rights thereto must be subject to the claim of the plaintiffs. John G. Rebesher having used the plaintiffs' moneys, the trust fund in his hands as their guardian, to purchase said premises, he must be deemed to have so purchased and held such premises as trustee for his wards, and the title having been taken by the defendant Matilda Rebesher, without any consideration, as surviving tenant by the entirety, it must be held that she holds such title subject to the rights of the plaintiffs to be reimbursed therefrom to the extent to which their moneys were invested therein by this guardian. The plaintiffs, however, can have no greater claim to, or lien upon, said premises than would be their due from this guardian, for the defendant Matilda Rebesher, the holder of the title, in fairness and equity must be allowed to reduce their claim against John G. Rebesher to the extent of the benefits that they have received from him. Her property in no event could be made to respond to the plaintiffs' claims for a greater amount than would John G. Rebesher, if living, and she must be permitted to offset against the share of each of the plaintiffs and defendant, Anna Rebesher, in the said $1,180 such sums as would in equity fairly represent the care, support, and maintenance provided said plaintiffs by the said John G. Rebesher during his lifetime and herself since his decease. Such care, support, and maintenance was fairly worth $2.25 per week per child. During the time these children

lived with John G. Rebesher, some of them paid to him their earnings, with which they should be credited upon claims against them for such care and support. John G. Rebesher should be charged with interest upon the moneys in his hands belonging to his wards at the rate of 4 per cent. per annum at stated periods of six months.

With such rules to guide, it is found that John G. Rebesher received from the estate of John F. Rebesher, after paying the funeral expenses of John F. Rebesher, and which was the property of these wards:

| | |
|---|---:|
| The sum of........................................................ | $2,734 55 |
| Interest thereon computed semiannually at 4 per cent. per annum | 1,022 00 |
| | 5)$3,756 55 |
| The property of each child...................................... | $ 751 31 |
| Charles Rebesher is entitled to................................. | $ 751 31 |
| He earned and paid to John G. Rebesher......................... | 208 00 |
| | $ 959 31 |
| Board, etc., 220 weeks, at $2.25................................ | 495 00 |
| | $ 464 31 |

Charles Rebesher shall have a lien upon the premises described in the complaint for this sum to the extent of one-fifth of $1,180.

| | |
|---|---:|
| John Rebesher is entitled to................................... | $ 751 31 |
| He earned and paid to John G. Rebesher......................... | 444 50 |
| | $1,195 81 |
| Board, etc., 303 weeks, at $2.25............................... | 681 75 |
| | $ 514 16 |

John Rebesher should have a lien upon the premises described in the complaint for this sum to the extent of one-fifth of $1,180.

| | |
|---|---:|
| Conrad Rebesher is entitled to................................. | $ 751 31 |
| He earned and paid to John G. Rebesher......................... | 56 00 |
| | $ 807 31 |
| Board, etc., for 560 weeks, at $2.25........................... | $1,260 00 |

Conrad Rebesher is not entitled to a lien upon the premises described in the complaint, for the reason that there is nothing due him.

| | | |
|---|---:|---:|
| Bertha Rebesher is entitled to................................. | | $ 751 31 |
| Board, etc., 220 weeks, at $2.25.............................. | $495 00 | |
| Board, etc., at Sisters of Good Shepherd...................... | 42 69 | |
| | | 537 69 |
| | | $ 213 62 |

Bertha Rebesher should have a lien upon the premises described in the complaint for this sum to the extent of one-fifth of $1,180.

| | |
|---|---:|
| Anna Rebesher entitled to...................................... | $751 31 |
| Board, etc., 325 weeks, at $2.25............................... | 731 25 |
| | $ 20 06 |

Anna Rebesher should have a lien upon the premises described in the complaint for this sum to the extent of one-fifth of $1,180.

Judgment is directed decreeing that Charles Rebesher, John Rebesher, Bertha Rebesher, and Anna Rebesher have each a lien upon the premises described in the complaint as follows:

Charles Rebesher in the sum of.....................................$236 00
John Rebesher in the sum of.......................................$236 00
Bertha Rebesher in the sum of.....................................$213 62
Anna Rebesher in the sum of.......................................$ 20 06

—all of which liens are ahead of and superior to the rights of Matilda Rebesher, and all subject to the mortgage on said premises; that in the event such liens are not paid with interest from the date of entry of judgment, within 60 days, that the premises be sold under the direction of Walter S. Richardson, Esq., as referee, and out of the avails thereof the same be paid.

Judgment is accordingly ordered, with costs to plaintiffs.