## AMERICAN RAILWAY EXPRESS COMPANY v. DOLPHUS J. HOULE AND ANOTHER.[1]

November 19, 1926.

No. 25,699.

**Constructive trust as to dwelling built with embezzled funds.**

　　1. Where a husband embezzles funds of his employer and appropriates the same to his own use in payment for labor and materials for the construction of a dwelling upon land owned by himself and his wife as tenants in common and claimed by them as their homestead, a constructive trust arises in favor of the injured party as to the dwelling.

[1]Reported in 210 N. W. 889.

**Enforcement of trust not affected by claim of homestead.**

2. In such a case the fact that upon completion of the dwelling the husband and his wife entered the premises, claiming the same as their homestead, in no manner affects the right of the injured party to pursue the res and impress the trust against the dwelling.

**No exemption from seizure and sale because of section 8336.**

3. The fact that the embezzled funds were used in payment for labor and materials for the construction of the dwelling, does not exempt the same from seizure and sale under G. S. 1923, § 8336, to satisfy such debt.

**Wife's interest as tenant in common does not subject her interest to levy.**

4. The fact that the husband and wife were owners of the land as tenants in common does not subject the wife's interest therein to levy on account of such trust.

Homestead, 29 C. J. p. 855 n. 7; p. 875 n. 71.
. Husband and Wife, 30 C. J. p. 564 n. 65 New.
Trusts, 39 Cyc. p. 528 n. 62; p. 529 n. 66, 67; p. 530 n. 79, 82.

———————

See note in L. R. A. 1915B, 442.

Defendant Josephine Houle appealed from a judgment of the district court for Ramsey county, Orr, J. Affirmed.

*Patrick J. Ryan,* for appellant.
*Davis, Severance & Morgan,* for respondent.

QUINN, J.

Defendants are husband and wife. The husband was in the employ of plaintiff from November, 1919, to October, 1923. In April, 1920, the husband purchased certain land described as the south two-thirds of block 7, Haussner's addition to the village of White Bear, paying therefor from his own funds the sum of $925 and taking the title thereto in the name of himself and his wife, Josephine Houle, as tenants in common. While so in the employ of plaintiff the husband, from time to time, unlawfully and fraudulently commingled money in his possession belonging to the plaintiff with his

own funds and thereafter appropriated the same to his own use without the knowledge of his wife, as presently related.

During the period from May 1 to December 1, 1921, the husband caused a dwelling to be erected upon the land at a cost of $5,577.48. A mortgage in the sum of $2,575 was placed thereon and the proceeds thereof turned over to the contractor in part payment for the construction of the dwelling, the balance of the cost thereof, viz., $3,002.48 was paid by the husband from the commingled funds. Subsequently he paid divers amounts from such commingled funds upon the mortgage so that, on October 4, 1923, there was but $1,500 owing thereon. He also paid for other small improvements upon said land, such as the building of walks, etc., from such commingled funds.

After discovering the embezzlement, plaintiff brought this action and in its prayer for relief asked for a personal judgment against the husband in the sum of $8,756.53, the amount of such embezzlement, and further that the defendants hold title to said land and the improvements thereon in trust for plaintiff; that a receiver be appointed with directions to sell the same and pay to plaintiff the proceeds thereof to the amount of such judgment. The trial court made findings to the effect that plaintiff was entitled to judgment against the husband in the sum of $8,756.53 with interest and costs, in all $9,904.62; that the defendant Josephine Houle is the owner of an undivided one-half of the land, free from any trust for the plaintiff; that the defendant Dolphus J. Houle holds in trust for plaintiff the title to the dwelling, together with an undivided one-half interest in the land; that Horace H. Glenn be receiver of and vested with all the right, title and interest of Dolphus J. Houle in and to such land, and in and to said dwelling; that the same be sold by the receiver as one item, subject to the terms and conditions of such mortgage and to the rights of Josephine Houle, and subject further to any interest by the right of subrogation which Josephine Houle may acquire in such trust property in case she pays such mortgage. Judgment was entered in accordance with such findings, from which the defendant Josephine Houle appealed.

Section 8336, G. S. 1923, is as follows:

"The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and his family, and shall be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants."

It appears from the findings that, upon completion of the dwelling, defendants moved in and from that time on occupied the same as their home, Mrs. Houle having no knowledge or notice that any money belonging to the plaintiff had been misappropriated or used by her husband in payment for such dwelling.

It is conceded that, where one purchases real estate with embezzled money, he becomes a trustee ex maleficio for the party from whom the money was stolen. Shearer v. Barnes, 118 Minn. 179, 136 N. W. 861; Pioneer Min. Co. v. Tyberg, 131 C. C. A. 549, 215 F. 501, L. R. A. 1915B, 442, note. This is true though the property so purchased is a dwelling which the wrongdoer attempts to occupy as his homestead. Shearer v. Barnes, supra; Warsco v. Oshkosh Sav. & Tr. Co. 190 Wis. 87, 208 N. W. 886; Preston v. Moore, 133 Tenn. 247, 180 S. W. 320, L. R. A. 1916C, 578.

It is contended however that where, as in the present case, the wife of the wrongdoer is the owner in common with her husband of the land upon which the dwelling was constructed, she, having done no wrong and having had no knowledge or notice of the polluted condition of the funds used in part payment for the dwelling, became the owner of a half interest therein the same as though it had been paid for by the husband's private funds and therefore was not subject to levy for his obligations, citing Leach v. Leach, 167 Minn. 489, 209 N. W. 636; Kaser v. Haas, 27 Minn. 406, 7 N. W. 824.

It is urged that the wife's position is tantamount to that of an innocent purchaser for value and that therefore the trust rule cannot operate to deprive her of any part of her half interest in the premises. We are unable to adopt this view of the situation. The

polluted funds were used in payment for work and material furnished in the construction of the dwelling, and the homestead, if such it became, would not be exempt from seizure or sale to satisfy such indebtedness. It will be observed that such act exempts the homestead from seizure or sale under legal process on account of any debts, etc., except such as are incurred for work or materials furnished in the construction thereof. Shearer v. Barnes, supra; Preston v. Moore, supra; Thompson, Homesteads, § 338; Muir v. Bozarth, 44 Iowa 499; Rhodes v. Williams, 12 Nev. 20; Pierce v. Holzer, 65 Mich. 263, 32 N. W. 431; Thompson v. Hartline, 105 Ala. 263, 16 South. 711; Bell v. Dingwell, 91 Neb. 699, 136 N. W. 1128; Bishop v. Hubbard, 23 Cal. 514, 83 Am. Dec. 132; Warsco v. Oshkosh Sav. & Tr. Co. supra; Long v. Murphy, 27 Kan. 375.

The rule is well established that, where a constructive trust of embezzled funds comes into being for the protection of an injured party, it is not cut off by any transfer of the property or of other property substituted therefor until such property reaches the hands of a bona fide purchaser for value. "The question of the existence of a constructive trust is entirely unaffected by the use which a trustee ex maleficio makes of the property. * * * The very claim of a homestead in this property is a breach of the trust which arose out of the manner of its acquisition." Shearer v. Barnes, supra. It must follow that, whether or not the wife acquired title to an undivided interest in the dwelling, her homestead claim cannot defeat appellant's equity claim.

The contention that Mrs. Houle occupies the status of an innocent purchaser in good faith, for value, cannot be sustained. The authorities refute the contention: U. S. v. Dunn, 268 U. S. 121, 45 Sup. Ct. 451, 69 L. ed. 876; Long v. Murphy, 27 Kan. 375; Bishop v. Howe, 117 N. Y. Supp. 996; Rebesher v. Rebesher, 126 N. Y. Supp. 572; Bellinger v. Collins, 117 Iowa, 173, 90 N. W. 609; Sawyer v. Issenhuth, 31 S. D. 502, 141 N. W. 378; Truelsch v. Miller, 186 Wis. 239, 202 N. W. 352, 38 A. L. R. 914. The judgment should stand.

Affirmed.