PER CURIAM.
This appeal arises from a district court[1] order imposing a constructive trust on property purchased by James and Donna Herzog. The district court found that the property was acquired and improved with funds which James Herzog acquired in breach of his fiduciary duty as a trustee in bankruptcy. We affirm the district court order.
James Herzog was trustee for the ENDECO bankruptcies [2] from 1973 through 1978. Herzog bought property located on Lake Crystal in Minnesota in 1976. He constructed a home on it, with the contractor being a corporation he formed, Jason Enterprises, Inc. The stipulated value of the land and house is $450,000.
An action was brought by the successor trustee, James McMerty, alleging that the Lake Crystal property was acquired and improved with monies wrongfully diverted from the ENDECO bankruptcy estate. The district court found that the allegations were substantiated, and imposed a constructive. trust on the property.
The evidence is overwhelming to support the district court conclusion that monies were wrongfully diverted. The diversions came from several sources. Herzog withdrew $710,660 from the estate to pay his fees, $602,150 of it without court authorization. For instance, in 1977 alone he took $226,500 in compensation. To have earned that amount at his $35 per hour fee, he would have had to work 17.7 hours per day for 365 days. Furthermore, Herzog established two corporations, Jason Enterprises and Niagara Secretarial Services, for the purpose of diverting funds from ENDECO to Herzog. This district court’s conclusion as to Herzog’s wrongdoing is amply supported by the record.
We also agree with the district court that Donna Herzog’s interest in the property does not preclude its being subjected to a constructive trust. First, the fact that *1186 wrongfully diverted funds were commingled with other funds does not preclude imposition of a constructive trust. Second, Donna Herzog failed to show that she contributed her personal funds to the property. Third, if she did contribute funds, they were funds which her husband wrongfully acquired as a bankruptcy trustee and then gave to her. Under the circumstances, any such funds can be traced to the Lake Crystal home.
The only question of law facing this court is whether Minnesota’s Homestead Exemptions law, Minn.Stat. § 510.01, prevents imposition of a constructive trust on the Lake Crystal property. The statute provides: “The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated . . . shall constitute the homestead of such debt- or and his family, and be exempt from seizure or sale under legal process on account of any debt . . . . ” Herzog argues that the Lake Crystal property is his homestead and thus exempt from seizure.
Herzog misunderstands the nature of a constructive trust. The trust res is the wrongfully diverted funds. The plaintiff is entitled to follow his property into its product. Dobbs, Remedies § 4.3, at 242 (1973). In this case, the wrongfully diverted funds can be traced to Lake Crystal. Because Lake Crystal is the product of the diverted property, the homestead exemption does not apply. American Ry. Express Co. v. Houle, 169 Minn. 209, 210 N.W. 889 (1926); Dobbs, Remedies § 4.3, at 247 — 48 (1973).
The judgment of the district court is affirmed.

. The Honorable Edward J. Devitt, Chief Judge (now Senior Judge), United States District Court for the District of Minnesota.

. ENDECO is the name of a conglomeration of five corporations; Cavalier Estates, Inc.; Lin-corp; Environmental Development Corp., Inc.; Environmental Corp. of North Dakota; and E.D.C., Inc.