**Sou–Hsiung Jack CHIU, Appellant,**

**v.**

**Amy Kam–Ling WONG, Appellee.**

**No. 93–1987.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1993.

Decided Feb. 11, 1994.

Counsel who presented argument on behalf of the appellant was Harry T. Neimeyer, St. Paul, Minnesota.

Counsel who presented argument on behalf of the appellee was Thomas F. Miller, Minneapolis, Minnesota.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

BRIGHT, Senior Circuit Judge.

After several unsuccessful business ventures between 1983 and 1989 with her husband Ken Lai (Lai), Amy Kam–Ling Wong (Wong) sought relief in bankruptcy from her debts. During the bankruptcy proceeding she claimed her homestead with a value of $48,000 as exempt property. However, a former business partner of Lai, the plaintiff Sou–Hsiung Jack Chiu (Chiu), sought to impose a constructive trust on the homestead of Wong. Chiu claims in this action that Lai had wrongfully terminated a 1983 partnership, that Lai had converted the assets of the partnership, and that the converted assets ended up in Wong's hands and were invested in the homestead. The bankruptcy judge denied recovery to Chiu. Chiu appealed to the district court. The district court affirmed the bankruptcy court.

Chiu now brings this timely appeal, asserting: (1) that the trustee in this case had mingled trust funds (the converted partnership assets with personal funds); (2) that these funds can be traced from one retail sales business; and (3) that because the trustee cannot document the financial history of several successor business entities, Chiu may impose a constructive trust on the homestead on the theory that the proceeds of the improperly converted assets from the partnership ultimately constituted the money invested by Wong into the homestead. Under the facts of this case and the applicable law, we reverse the denial of relief and remand for further proceedings.

## I. BACKGROUND

In 1983, Lai and Chiu became business partners in a computer retail business, U–Byte Computer. The partnership operated two stores in Minnesota, one in Bloomington and the other in Minneapolis. Over the next two years, the business operated at a net loss.

On February 1, 1986, Lai locked Chiu out of the Bloomington store. Thereafter, Lai and Wong operated the Bloomington U–Byte Computer, using cash and inventory from the U–Byte partnership.

In May 1986, Lai and Wong incorporated similar retail operations in Minnesota: Best Byte Corp. of Bloomington, Inc., and Best Byte Corp. of Little Canada, Inc. At all times Lai and Wong were the sole shareholders of these corporations. Best Byte Corp. of Bloomington, Inc., operated out of the former Bloomington U–Byte store, assuming its cash and inventory assets. Lai and Wong opened a new bank account at State Capital Credit Union (SCCU) in the name of "Best Byte Computer." The evidence did not establish whether the assets from the U–Byte partnership, $22,000.00 cash and proceeds from inventory valued at $78,000.00, were ever deposited in the account.

In March 1987, after the two Best Byte corporations proved financially unsuccessful, Lai and Wong formed Computer Social Club,

Inc., later renamed Computer Fitness Club, Inc. The new corporation focused upon corporate and industrial clients, and operated out of New Hope, Minnesota. Computer Fitness Club, Inc., purchased the assets of both Best Byte corporations in August and September 1988. Then, in October 1988, the corporation issued stock: 90% of the shares to Wong and 10% to Lai. Computer Fitness Club, Inc., suffered the same economic plight as Best Byte Corp., however, and ceased operations in May 1990. Thereafter Lai and Wong became employees of EMPAC Computer of Minnesota.

Lai and Wong did not keep financial records of the various business ventures. The financial histories of the ventures have essentially been pieced together from bank statements, tax returns, and the parties' recollections. Wong periodically infused money, which came almost exclusively from her family, into the Best Byte corporations and Computer Fitness Club, Inc. Wong first deposited these monies into her personal account at SCCU and possibly into two other personal accounts held at TCF Bank. From her personal accounts she then transferred money into the businesses. Wong also withdrew funds occasionally from the businesses, for what she characterized as either compensation for services previously provided or repayment on funds advanced by her family. Wong deposited these monies into her personal accounts at TCF Bank.

In May 1990, Wong purchased a house in her name alone, paying approximately $48,000.00 for the down payment and closing costs. Wong bought the house with money held in her personal account at SCCU.

Chiu brought suit against both Lai and Wong in the Hennepin County District Court in August 1986 for wrongful termination of the U–Byte partnership. The state court dismissed the action against Wong, on the ground that she was not a partner of U–Byte Computer. In an amended judgment entered on May 4, 1989, the Hennepin County District Court found in favor of Chiu. The court concluded that Lai was personally liable to Chiu in the amount of $87,500 for breach of his fiduciary relationship to his partner.[1] No determination was made as to the existence or location of partnership assets; in addition, Chiu did not seek to have a constructive trust imposed at that time.

Wong filed for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on July 3, 1991. On that same date Lai filed for bankruptcy under Chapter 7.[2] Of Lai's debt to Chiu, the court held $63,560.00 nondischargeable. Chiu brought the instant action against Wong to impose a constructive trust on the homestead bought subsequent to the judgment against Lai.

Based upon the foregoing, the bankruptcy court concluded that Chiu established sufficient grounds for imposition of a constructive trust, as Lai breached his fiduciary duty to Chiu by wrongfully converting property that Chiu specifically identified as his own. However, the court also concluded that Chiu "failed to trace the trust property into either an identifiable product or an indistinguishable mass." United States Bankruptcy Court, District of Minnesota, Findings of Fact and Conclusions of Law and Order for Judgment (10/8/92) (hereinafter "Order"). The bankruptcy court found "evidence that

---

1. The court determined the amount of damages on the following:
   a) The partnership had assets of $150,000.00, including $128,000.00 of inventory and $22,000.00 cash;
   b) Chiu possessed inventory in the amount of $50,000.00;
   c) Lai possessed inventory in the amount of $78,000.00 and $22,000.00 cash;
   d) the partnership had accounts payable in the amount of $39,000.00, either guaranteed by Chiu or paid by Chiu; and
   e) Chiu contributed $43,000.00 capital to the partnership.
   The bankruptcy court found the Hennepin County District Court's calculation "trouble-

some." Instead, Chiu was entitled to $39,000.00 for partnership liability, then $43,000.00 for capital contribution, and then 50% of the remaining $68,000.00, or $34,000.00, for a total of $120,000.00. For purposes of this appeal, the exact dollar amount of the trust res is not relevant.

2. Lai had previously filed for bankruptcy under Chapter 13 in June 1989, but voluntarily dismissed the action on April 2, 1990. Subsequently, Chiu filed a state action against Wong and Lai for fraudulent transfer. The cause was stayed pursuant to the bankruptcy filings by both Wong and Lai.

certain of U–Byte's debts were subsequently paid by the debtor and her husband, but nothing suggests that the cash from U–Byte [partnership] or the proceeds of any of its former inventory were used to make such payments." *Id.,* p. 6, ¶ 16. According to the court,

> the cash and inventory were not merged into Lai and the debtor's businesses. Rather they remained discrete assets, the cash likely being deposited into an account or used to pay bills, and the inventory most likely being sold with the proceeds either deposited or paid out.
>
> The mere fact that the cash and inventory became assets of the business does not establish the type of commingling necessary to shift the burden of tracing. Accordingly, Chiu cannot rely on the fact that the cash and inventory were used in the businesses, but rather must trace such assets either into identifiable products or specific accounts.

*Id.,* p. 13, ¶ 16.

## II. DISCUSSION [3]

The narrow issue presented by Chiu is stated as follows:

> The Findings of Fact, Conclusions of Law and Order for Judgement of the Bankruptcy Judge ... affirmed by the Federal District Court Judge ... are at issue in this appeal only with regard to the Conclusion of Law that the Ken Lai/Amy Wong business in which Chiu's assets had been wrongfully invested was not an indistinguishable mass such as to impose the burden on Amy Wong to prove that the product of Chiu's property was not used to acquire her homestead. Except for this Conclusion, [the Bankruptcy Judge's] Findings of Fact and Conclusions of Law correctly describe the facts and the applicable law.

Appellant's Br. at 5.

The bankruptcy judge made these additional crucial conclusions:

> 10. Furthermore, regardless of any fiduciary duty, Lai wrongfully converted

property of U–Byte to his own use, with knowledge that such conversion was wrongful. The imposition of a constructive trust on the converted property is proper in order to prevent Lai's unjust enrichment.

> . . . .

> 15. Chiu has failed to trace the trust property into either an identifiable product or an indistinguishable mass.

> 16. Clearly the cash and inventory became assets of Best Byte, and all of Best Byte's assets were subsequently purchased by Computer Fitness Club, and the debtor's house was purchased with funds derived primarily from those two businesses. However, these facts do not sufficiently trace the cash and inventory because the debtor and Lai's businesses do not constitute an indistinguishable mass.

Order at 10–12.

■ State law governs the resolution of property rights within a bankruptcy proceeding. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *In re·N.S. Garrott & Sons,* 772 F.2d 462, 466 (8th Cir.1985). To establish the right to a constructive trust under Minnesota law, the claimant must prove, by clear and convincing evidence, the existence of " 'a fiduciary relation and the abuse ... of confidence and trust bestowed under it to plaintiff's harm,' " *Dietz v. Dietz,* 244 Minn. 330, 70 N.W.2d 281, 285 (1955) (quoting *Wilcox v. Nelson,* 227 Minn. 545, 35 N.W.2d 741, 744 (1949)). Stated differently, the claimant must point to "some specific property identified as belonging, in equity and conscience, to the plaintiff." *Rock v. Hennepin Broadcasting Assoc., Inc.,* 359 N.W.2d 735, 739 (Minn.Ct.App. 1984).

Here, Chiu clearly established that Lai wrongfully terminated the U–Byte Computer partnership, thereby depriving Chiu of his interests in the business. Accordingly, the interests infringed upon included Chiu's "rights in specific partnership property, his interest in the partnership, and his right to

---

**3.** Chiu's motion to supplement the record on appeal with the Bankruptcy Court transcript is hereby granted.

participate in the management." Minn.Stat. Ann. § 323.23 (West 1981).

Beyond proof of wrongdoing, a cestui que trust must also trace the wrongfully converted property into an identified product. *Rock,* 359 N.W.2d at 739. When the claimant seeks to impose the constructive trust upon property of a debtor in bankruptcy, and the trust fund has been mingled with the personal property of the debtor, the claimed beneficiary to the constructive trust must sufficiently trace the trust property. *First Fed. of Michigan v. Barrow,* 878 F.2d 912, 915 (6th Cir.1989); *Connecticut Gen. Life Ins. Co. v. Universal Ins. Co.,* 838 F.2d 612, 618 (1st Cir.1988). The bankruptcy court concluded that Chiu failed to do so. This conclusion constitutes an erroneous application of the law.

Chiu presented evidence that Lai wrongfully converted partnership assets and that the cash and inventory of Lai and Chiu's U–Byte Computer became assets of Lai and Wong's U–Byte Computer. The right to a constructive trust arose at the time of the wrongful conversion. *See Shearer v. Barnes,* 118 Minn. 179, 136 N.W. 861, 863 (1912) (constructive trust arose when trust manager converted portion of funds to purchase realty). The commingling occurred thereafter, when Lai held out the Bloomington store as his own, thereby merging both his and Chiu's interests in the partnership as an indistinguishable mass. Lai and Wong then created Best Byte Corp. from property including Chiu's interests in the partnership, as found by the bankruptcy court, followed by Computer Fitness Club, Inc., which had purchased the assets of both Best Byte corporations. Lai subsequently purchased the house "with funds derived *primarily* from [Best Byte Corp. and Computer Fitness Club, Inc.]." Order at 12 (emphasis added). Accordingly, Chiu has sufficiently traced the proceeds of his partnership property into Wong's homestead.

That Chiu seeks to impose a constructive trust on property obtained by Wong, as opposed to any dispersion of trust funds by Lai, does not alter the result. " '[W]here a constructive trust of embezzled funds comes into being for the protection of an injured party, it is not cut off by any transfer of the property or of other property substituted therefor until such property reaches the hands of a bona fide purchaser for value.' " *Blumberg v. Taggart,* 213 Minn. 39, 5 N.W.2d 388, 390 (1942) (quoting *American Ry. Express Co. v. Houle,* 169 Minn. 209, 210 N.W. 889, 890 (1926)). Under the facts of this case, clearly Wong had knowledge of Lai's wrongdoing and she is not a bona fide purchaser.

Furthermore, pursuant to the bankruptcy code, 11 U.S.C. § 541(d):

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Consequently, apart from any of her own property commingled with the partnership (or proceeds), Wong held bare legal title to the trust res subject to a duty to reconvey it to the rightful owner. *See In re Flight Transp. Corp. Sec. Litig.,* 730 F.2d 1128, 1136 (8th Cir.1984), *cert. denied,* 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985). Thus, because Wong used the proceeds of the trust property to purchase the homestead, Chiu may follow those proceeds into that property and enforce a constructive trust. *See McMerty v. Herzog,* 661 F.2d 1184, 1186 (8th Cir.1981), *on pet. for reh'g,* 710 F.2d 429 (8th Cir.1983); *Thompson v. Nesheim,* 280 Minn. 407, 159 N.W.2d 910, 917 (1968); *American Ry. Express Co.,* 210 N.W. at 890 ("The polluted funds were used in payment for work and material furnished in the construction of the dwelling, and the homestead, if such it became, would not be exempt from seizure or sale to satisfy such indebtedness."). Only to the extent that Wong can differentiate her funds used to purchase the house from those wrongfully converted and commingled is the house free from the constructive trust in favor of Chiu. *See Petersen v. Swan,* 239 Minn. 98, 57 N.W.2d 842, 846–47 (1953).

Based upon the foregoing discussion, we reverse and remand to the district court. The district court in turn should remand this action to the bankruptcy court, the latter which should conduct a further proceeding in which Wong may seek to establish to what extent funds for the purchase of the home came from her own monies, not the assets of U–Byte Computer and the successive businesses. The bankruptcy court may take into account as Wong's own property such funds from her savings as may constitute unspent wages or salaries received for personal services rendered for these businesses.